IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARLANA FINDLEY, *et al.,* | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | ) CASE NO. 2:11-cv-169-MEF |
| | ) (WO) |
| CITY OF MONTGOMERY, | ) |
| | ) |
|     Defendants. | ) |

# **ORDER**

This cause is before the Court on Plaintiffs' First and Second Motions to Strike. Docs. #38, 43. Plaintiffs have moved this Court to strike the following, which are part of either Defendant's Motion for Summary Judgment, Doc. #33, or Defendant's Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment, Doc. #42:

(1)  Jail Strip Search Policy, Doc. 33-9;

(2)  Defendant's defense that Plaintiff's claims for negligence are barred by the non-claim statute, Doc. #33 at 4;

(3)  Affidavit of Brenda Mitchell, Doc. 33-2; and

(4)  Exhibits 18-21 of Defendant's Reply brief, Docs. #42-1 to 42-4.

1

### I. Jail Strip-Search Policy and Mitchell Affidavit Are Admissible At Summary Judgment Stage.

The Eleventh Circuit has held that otherwise admissible evidence may be submitted in inadmissible form at the summary judgment stage, though at trial it must be submitted in admissible form. *McMillian v. Johnson*, 88 F.3d 1573, 1584 (11th Cir. 1996). Here, Plaintiffs have presented no evidence to indicate that the jail strip search policy, Doc. #33-9, or Brenda Mitchell's Affidavit, Doc. #33-2, would not be reducible to admissible evidence were this action to proceed to trial. As such, Plaintiffs' motion to strike these exhibits is due to be denied.

### II. Motion to Strike Non-Claim Defense is Due to Be Denied as Moot

Simultaneously with this order, this Court has issued an order granting Defendant's Motion for Summary Judgment as to Plaintiff's Fourth Amendment claim and declining jurisdiction, pursuant to 28 U.S.C. 1367(c), over Plaintiffs' state law claims. For this reason, Plaintiffs' motion to strike Defendant's non-claim defense is due to be denied as moot.

### III. Plaintiffs Do Not Present a Viable Argument for Striking the Exhibits Attached to Defendant's Reply Brief.

This Order regarding the briefing schedule for Defendant's Motion for Summary Judgment, Doc. #35, provides that summary judgment motions are to be decided without oral argument. In light of this procedure, and to ensure that the Court is fully apprised when deciding summary judgment motions, the Court's order also provides for the filing of a reply

brief.

In the context of whether a district court erred in denying a party permission to file a surreply, the Eleventh Circuit has observed that "[o]ur sister circuits have held that a district court can abuse its discretion by failing to give the opposing party a chance to respond to materials presented for the first time in a reply brief and instead granting summary judgment on the basis of that evidence." *First Specialty Ins. Corp. v. 633 Partners, Ltd.*, 300 F. App'x. 777, 788 (per curiam) (citing *Doebele v. Sprint/United Mgmt. Co.*, 342 F.3d 1117, 1139 n. 13 (10th Cir.2003); *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir.1996)). In *First Specialty,* the Eleventh Circuit held that the district court was acting within its discretion in denying a non-movant's request to file a surreply in response to what the non-movant considered to be new evidence and arguments raised for the first time in movant's reply brief. *First Specialty*, 300 Fed. Appx. at 777-78. In upholding the district court's denial, the court noted that nothing in movant's reply brief constituted new evidence. *Id.* The Court finds that in this case, as in *First Specialty*, there is no new evidence or argument presented in Defendant's reply brief.

The affidavit supporting introduction of the Montgomery Jail's Strip-Search Policy is unnecessary at the summary judgment stage, for the reasons discussed in Part I, *supra*. The remaining three exhibits attached to Defendant's reply are excerpts from affidavits cited by Plaintiffs in their own briefs. *See First Speciality*, 300 F. App'x  at 778 (indicating that surprise to party contesting admission of reply exhibits as one factor for courts to consider

in determining whether to allow the filing of a surreply). What's more, these exhibits are only cited in reply to arguments raised by Plaintiffs in their response, Doc. #39, and are not used in support of any new arguments made in the reply brief.

For the reasons discussed above, it is hereby ORDERED that Plaintiffs' First and Second Motions to Strike, Docs. #38, 43, are hereby DENIED.

DONE this the 29th of November, 2011.

                                             /s/ Mark E. Fuller
                                      UNITED STATES DISTRICT JUDGE